IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO JURY DIVISION

| | |
|---|---|
| NATHAN TUCKER, On Behalf of HIMSELF and All Others Similarly Situated, | ) ) ) COLLECTIVE ACTION ) |
| Plaintiff, | ) CASE NO. 4:17-CV-88-JHM ) ) |
| v. | ) CHIEF JUDGE Joseph H. McKinley, Jr. ) |
| MOBILE MARKETING SOLUTIONS, INC. d/b/a BREWCO MARKETING GROUP | ) JURY DEMANDED ) ) ) |
| Defendant. | ) ) |

**COLLECTIVE ACTION COMPLAINT**

1.  Plaintiff Nathan Tucker, on behalf of himself and all similarly situated individuals, brings this lawsuit against Mobile Marketing Solutions, Inc. d/b/a Brewco Marketing Group (hereafter "Brewco" or "Defendant") to recover unpaid overtime wages owed due to Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Kentucky Wage Statutes ("KWS"), KY. REV. STAT. ANN. §§ 337.275, *et seq.*

**I.  JURISDICTION AND VENUE**

2.  This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

3.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

4.  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district, because the claims arose in this judicial district, and

because all or substantially all of the events or omissions giving rise to the claims asserted herein took place within the Owensboro Jury Division.

## II.     PARTIES

### A.     PLAINTIFF

6.      Plaintiff Nathan Tucker is a resident of Greenville, Muhlenberg County, Kentucky. Plaintiff was employed by the Defendant as a Fabricator from sometime in 2014 or 2015 to March 2017. Brewco misclassified Plaintiff as an independent contractor and paid him $625.00 per week regardless of the number of hours worked until he was reclassified as an hourly, non-exempt employee at and paid a rate of $15.63 in or around October 2016.

### B.     DEFENDANT

7.      Defendant Mobile Marketing Solutions, Inc. d/b/a Brewco Marketing Group is a Kentucky corporation headquartered in Muhlenberg County at 106 Brewer Drive, Central City, KY 42330. Brewco is an industry leader in experiential marketing, specializing in mobile tours, event marketing, and product sampling. Brewco has manufacturing shops in Central City, KY, Charlotte, NC, and Nashville, TN.

8.      During the Relevant Time Periods, Defendant Brewco has been regularly engaged in interstate commerce.

9.      During the Relevant Time Periods, Defendant Brewco has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

10.     During the Relevant Time Periods, Defendant Brewco has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, as well as KY. REV. STAT. ANN. § 337.010

**III.     THE RELEVANT TIME PERIODS**

    **A.     FLSA Claims**

    11.     The FLSA permits plaintiffs to recover unpaid wages and liquidated damages for up to three years prior to the filing of a lawsuit. 29 U.S.C. § 255. Accordingly, the FLSA allegations set forth herein concern the employment of Plaintiff, and similarly situated workers, since three years prior to the filing of this action through the resolution of this litigation.

    **B.     Kentucky State Law Claims**

    12.     The Kentucky statutes governing entitlement to wages and overtime compensation permit plaintiffs to recover unpaid wages and liquidated damages for up to five years prior to the filing of the lawsuit. KY. REV. STAT. ANN. §§ 337.285, 337.385, 413.120. Accordingly, the Kentucky state law allegations set forth herein concern the employment of Plaintiff, and those similarly situated employees he seeks to represent, for five years prior to the filing of this action through the resolution of this litigation.

**IV.     FACTS**

    **A.     Misclassification as an Independent Contractor**

    13.     From sometime in or around the end of 2014 or the beginning of 2015 until in or around October 2016, Plaintiff was employed by the Defendant as a "fabricator" and built displays and mobile marketing equipment in its Central City, Kentucky manufacturing shop.

    14.     Plaintiff was also required to travel extensively around the country working for Defendant to perform maintenance support, engage in experiential marketing, and provide security.

    15.     Throughout this time, Defendant classified Plaintiff as an independent contractor and paid him $625 per week, regardless of the number of hours he worked and including any hours over 40 in a week.

16. Defendant misclassified Plaintiff and other similarly situated workers as independent contractors, even though, based on the economic realities of the relationship, Plaintiff was actually an employee for purposes of the FLSA and KWS coverage.

17. Defendant misclassified Plaintiff as an independent contractor in order to avoid paying overtime pay to its employees as required under the FLSA and KWS.

18. Beginning in or around October 2016 until the end of his employment with Defendant, Plaintiff was classified as a non-exempt employee and given the job title of "laborer." However, his job duties remained the same as when he was employed as a "fabricator."

19. During this time period, Defendant paid Plaintiff an hourly rate of approximately $15.63 per hour.

20. Plaintiff routinely worked more than 40 hours in a workweek throughout his entire tenure with Defendant.

21. Throughout Plaintiff's employment with Defendant, he clocked in and out using the company's timeclock at its Central City, Kentucky manufacturing shop unless he was traveling when Defendant did not record his time.

**B.  Meal Break Violations**

22. Defendant required Plaintiff and other similarly situated hourly, non-exempt employees to clock out for one hour per shift, ostensibly for an unpaid meal break.

23. In fact, prominently displayed under the timeclock at the Central City, Kentucky facility where Plaintiff worked was a sign which read: "MUST Clock out for lunch Or 1 hr automatically deducted from timecard" [sic].

24. However, on many occasions, Plaintiff and other similarly situated employees were not able to take a lunch break because they were required and/or expected to continue working and therefore were not completely relieved of their duties in order to take a meal break.

4

25. On these occasions, Plaintiff and similarly situated workers either clocked out and then continued working or the Defendant still deducted one hour from their pay even though they indicated that they were not relieved of their duties by not clocking out.

## V.  FLSA COLLECTIVE ALLEGATIONS

26. Plaintiff asserts his FLSA misclassification claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All current and/or former employees of Defendant at any time since five years prior to the filing of this Complaint who were classified as an independent contractor.

(the "Misclassification Collective").

27. Plaintiff also asserts his FLSA meal period claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All current and/or former hourly-paid, non-exempt employees of Defendant who had one hour automatically deducted from timecard during a shift when they were required to work through lunch and were not completely relieved of their duties at any time since five years prior to the filing of this Complaint.

(the "Meal Period Collective").

28. Plaintiff asserts his supplemental KWS misclassification claim and meal period claim on behalf of all members of the Misclassification Collective and Meal Period Collective, respectively, who work or worked for Defendant in Kentucky.

29. Plaintiff seeks to bring these claims on behalf of himself and all members of the Misclassification Collective and Meal Period Collective who opt into this case pursuant to 29 U.S.C. § 216(b).

30. Plaintiff and members of the Misclassification Collective are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendant inappropriately classified them as independent contractors despite controlling virtually every aspect of their employment and

5

did not pay them overtime for all of the hours above 40 that they worked in a workweek, in violation of the FLSA and KWS.

31. Plaintiff and members of the Meal Period Collective are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendant did not pay them overtime premium pay for all of the hours spent working off the clock during unpaid meal periods above 40 in a workweek, in violation of the FLSA and KWS.

32. Virtually all of the legal and factual issues that will arise in litigating the collective claims are common to Plaintiff and those he seeks to represent. These issues include: (1) whether Defendant exercised sufficient control over Plaintiff and the Misclassification Collective that they were employees under the FLSA and KWS; (2) whether Defendant paid Plaintiff and the Misclassification Collective overtime at one and one-half times their regular rate of pay for hours over 40 in a workweek; (3) whether Plaintiff and the Meal Period Collective were required to work off the clock during unpaid meal periods; and (4) whether Defendant paid Plaintiff and the Meal Period Collective overtime at one and one-half times their regular rate of pay for hours worked over 40 in a week.

**VI. CAUSES OF ACTION**

    **A. COUNT I – FLSA OVERTIME CLAIM PURSUANT TO 29 U.S.C. § 216(b)**

33. All previous paragraphs are incorporated as though fully set forth herein.

34. Plaintiff asserts this claim pursuant to 29 U.S.C. § 216(b) on behalf of himself and the Misclassification Collective and the Meal Period Collective.

35. The FLSA requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a).

36. Plaintiff and members of the Misclassification Collective and the Meal Period Collective are employees entitled to the FLSA's protections.

37. Defendant is an employer covered by the FLSA.

38. Plaintiff and members of the Misclassification Collective and the Meal Period Collective are often scheduled to and routinely do or did work at least 40 hours per week.

39. Defendant has willfully and recklessly violated the FLSA with respect to Plaintiff and members of the Misclassification Collective by failing to pay them the required overtime premium for hours worked over 40 by improperly classifying them as independent contractors in violation of the FLSA.

40. Defendant has willfully and recklessly violated the FLSA with respect to Plaintiff and members of the Meal Period Collective by failing to pay them for time worked, including hours over 40 in a workweek at time-and-a-half, pursuant to Defendant's requirement that non-exempt, hourly-paid employees either clock out for one hour during the middle of their shift or have one hour of pay automatically deducted, even when they were not relieved of their job duties.

**B. COUNT II – SUPPLEMENTAL KWS OVERTIME CLAIM PURSUANT TO 29 U.S.C. § 216(b)**

41. All previous paragraphs are incorporated as though fully set forth herein.

42. Plaintiff brings this claim as a supplemental claim to his collective FLSA claims on behalf of himself and all members of the Misclassification Collective and the Meal Period Collective defined above who work or worked for Defendant in Kentucky and who opt into this action pursuant to 29 U.S.C. § 216(b).

43. The KWS requires that covered employers pay nonexempt employees overtime in the amount of 1 1/2 times the employee's regular pay rate for hours worked in excess of 40 in a workweek. KY. REV. STAT. § 337.285.

44. Plaintiff and members of the Misclassification Collective and the Meal Period Collective who work or wworked for Defendant in Kentucky are employees entitled to the FLSA's protections. Specifically, Plaintiff and members of the Misclassification Collective who work or worked in Kentucky have been misclassified as independent contractors, even though, based on the economic realities of the relationship between them and Defendant set forth in detail above and incorporated by reference here, they are really employees.

45. Defendant is an employer covered by the KWS.

46. Plaintiff and members of the Misclassification Collective and the Meal Period Collective who work or worked for Defendant in Kentucky are often scheduled to and routinely do or did work at least 40 hours per week.

47. Defendant has willfully and recklessly violated the requirements of the KWS with respect to Plaintiff and members of the Misclassification Collective who work or worked in Kentucky by failing to pay them the required overtime premium for hours worked over 40 by improperly classifying them as independent contractors in violation of the KWS.

48. Defendant has willfully and recklessly violated the KWS with respect to Plaintiff and members of the Meal Period Collective who work or worked in Kentucky by failing to pay them for time worked, including hours over 40 in a workweek at time-and-a-half, pursuant to Defendant's requirement that non-exempt, hourly-paid employees either clock out for one hour during the middle of their shift or have one hour of pay automatically deducted, even when they were not relieved of their job duties.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to

29 U.S.C. § 216(b);

      B.      Prompt notice, pursuant to 29 U.S.C. § 216(b) of this litigation to all potential members of the class and collective action;

      C.      A finding and declaration that Defendant has violated the FLSA;

      D.      A finding and declaration that Defendant has violated the KWS.

      E.      A judgment against Defendant and in favor of Plaintiff and those he seeks to represent, for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA or under the law;

      F.      A judgment against Defendant and in favor of Plaintiff and those he seeks to represent, for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the KWS or under the law;

      G.      A finding that Defendant's wage and hour violations have been willful;

      H.      Liquidated damages to the fullest extent permitted under the FLSA and under the KWS;

      G.      Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, the KWS, and the Federal Rules of Civil Procedure; and,

      H.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

Dated: July 10, 2017                            Respectfully submitted,

<u>/s/ David W. Garrison</u>
**DAVID W. GARRISON***
**JOSHUA A. FRANK***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**J. CHRIS SANDERS (KBA # 82663)**
CHRIS SANDERS LAW PLLC
517 West Ormsby Avenue
Louisville, KY 40203
Telephone: (502) 814-0094
csanders@chrissanderslaw.com

\**Pro Hac Vice* Motion Anticipated

*Attorneys for Plaintiff*