UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| NATHAN TUCKER, on Behalf of Himself and All Others Similarly Situated, § § § | |
| Plaintiff, § | CIVIL ACTION NO. 5:17-cv-88-JHM |
| v. § § | |
| MOBILE MARKETING SOLUTIONS, INC. d/b/a BREWCO MARKETING GROUP, § § § | |
| Defendant. § | |

**MEMORANDUM IN SUPPORT OF
JOINT MOTION TO APPROVE SETTLEMENT AND FILE UNDER SEAL**

Plaintiff Nathan Tucker and Defendant Mobile Marketing Solutions, Inc., d/b/a Brewco Marketing Group, by and through counsel, now request that this Court grant the parties' motion to approve the proposed Settlement Agreement and Release. They represent that the Settlement reasonably and fairly resolves their bona fide dispute over Plaintiff's entitlement to allegedly unpaid overtime wages. They also ask that in the interests of privacy and efficiency, the Court approve their motion to accept the Settlement for *in camera* review and to file the Settlement under seal.

**PROCEDURAL POSTURE AND SETTLEMENT TERMS**

Plaintiff filed this action in July 2017. He alleged that he had been misclassified as an independent contractors and denied overtime wages he was allegedly due under both state law and the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. Compl. ¶¶ 13–25, ECF 1. Defendant has denied all allegations. Answer ¶¶ 13–25, ECF 7. It has also asserted 17 affirmative defenses, including that Plaintiff's claims were barred by the statute of limitations. *See* Answer, ECF 7 at 11–14.

The parties have now conferred and agreed to a confidential Settlement Agreement. Under the Settlement, Plaintiff will receive two payments. The first payment compensates him for his alleged unpaid overtime wages. The second payment compensates him for alleged liquidated damages, which he could recover if he prevailed at trial. The Settlement also covers Plaintiff's attorney's fees. In exchange, Plaintiff agrees to dismiss this case and release Defendant from all other claims.

The parties agreed to keep the Settlement terms confidential. To preserve that confidentiality, they now ask that the Settlement be accepted under seal. If the Court declines to accept the settlement under seal, the parties ask that the Settlement be entered on the public docket with the financial terms redacted. They agree to submit a redacted copy for the docket and an unredacted copy for the Court's *in camera* review.

## ANALYSIS

1. **The Court should accept the Settlement under seal because doing so will promote the public's interest in encouraging settlements, avoid unnecessary litigation, and preserve judicial resources.**

The FLSA generally requires parties to submit their settlement to the court for approval. *Ross v. Jack Rabbit Servs., LLC*, No. 3:14-CV-44-DJH, 2016 WL 7320890, at *2 (W.D. Ky. Dec. 15, 2016). The FLSA does not, however, require that the settlement be entered on the public docket. While it is true that the public generally has an interest in access to judicially approved documents, in a given case, such interest may be overridden by the parties' interest in confidentiality, which is often their primary motivation for settling. *See e.g.*, *Johnson v. Corr. Corp. of Am.*, No. 3:12-CV-00246-H, 2014 WL 3970115, at *1 (W.D. Ky. Aug. 13, 2014) (recognizing that any right to public access to judicial records is not absolute) and *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("Parties who settle a legal dispute rather than pressing it to

resolution by the court often do so, in part anyway, because they do not want the terms of the resolution to be made public.").

In recognition of that reality, courts across the country have accepted FLSA settlements under seal for *in camera* review. *See Medley v. Ame. Cancer Soc'y,* No. 10 Civ. 3214(BSJ), 2010 WL 3000028, at *1 n.1 (S.D.N.Y. July 23, 2010) ("Because the terms of the settlement agreement are confidential, it will be filed under seal."); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *2 (N.D. Ohio 2010) (proposed settlement agreement was filed under seal); *Almodova v. City & County of Honolulu,* No. 07–00378 DAE–LEK, 2010 WL 1372298, at *13 (D. Haw. Mar. 31, 2010) (recommending judicial approval of FLSA settlement filed under seal); *King v. Wells Fargo Home Mortg.,* No. 2:08–cv–307–FtM–29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (noting that "the Settlement Agreement and General Release, filed under seal, is approved as fair and reasonable"); *Trinh v. JPMorgan Chase & Co.,* No. 07–CV–01666 W(WMC), 2009 WL 532556, at *1 (S.D. Cal. Mar. 3, 2009) (noting that the court determined that the settlement, filed under seal, was fair and reasonable after an *in camera* review); *Freyre v. Tin Wai Hui DMD, P.A.,* No. 08–22810–CIV, 2009 WL 89283, at *1 (S.D. Fla. Jan. 13, 2009) (approving confidential settlement after *in camera* review); *Goudie v. Cable Commc'ns, Inc.,* CV. No. 08–507–AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009) (same); *Perez v. Carey Int'l, Inc.,* No. 06–22225–CIV, 2008 WL 4490750, at *6 (S.D. Fla. Sept. 26, 2008) (remarking that "[c]onfidentiality is often an important element in successful settlements" with respect to settlement discussions and recounting that the court conducted an *in camera* review of the settlement agreements).

These decisions show that the public's interest in access may yield to the parties' interest in confidentiality under compelling circumstances. *See Green v. Hepaco, LLC*, No. 2:13-CV-

02496-JPM, 2014 WL 2624900, at *4 (W.D. Tenn. June 12, 2014) (stating that FLSA settlements may be filed under seal where the parties show that their interests outweigh the presumption of public access). Such circumstances are present here:

1. First, the parties specifically negotiated for confidentiality. Unless the Settlement is filed under seal, it will by default become public, and the parties will lose the benefit of their bargain.

2. Second, the actual terms of this Settlement contain nothing of public interest. The settlement contains no details of either party's allegations that are not already found in the public pleadings. Neither party admits liability or fault. And while the settlement does provide for the payment of a specific sum, the precise amount of that sum is neither educational nor instructive. Its release will not enhance public understanding or public awareness. Additionally, Defendant is concerned that the disclosure of the settlement could expose Defendant to copycat claims, which would both burden the judicial system and deter future settlements—a result that would *impair* the public interest. *See, e.g.*, *Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *8 (S.D. Ohio May 30, 2012) ("While this case is not of general public interest, the public interest favoring settlement certainly applies here, as the proposed settlement ends potentially long and protracted litigation.").

3. Third, accepting the Settlement under seal will promote the public's interest in encouraging negotiated resolutions. It will provide future litigants with an incentive to settle their disputes quickly and efficiently. It will also save scarce judicial resources and advance the efficient administration of justice. *See, e.g.*, *Ross v. Jack Rabbit Servs., LLC*, No. 3:14-CV-44-DJH, 2016 WL 7320890, at *3–4 (W.D. Ky. Dec. 15, 2016) (recognizing that

encouraging settlement promotes the public interest); *Ritterbeck v. Akron Family Rest.*, No. 5:16CV1572, 2016 WL 6947018, at *1 (N.D. Ohio Nov. 28, 2016) (same).

For these reasons, the Court should accept the Settlement under seal. But if the Court declines to accept it under seal, other options are available. For example, the Court could instead accept the full Settlement for an *in camera* review and file a copy on the public docket with the financial terms redacted. That option would preserve the public's access to the Court's proceedings while accommodating the parties' privacy interests. Alternatively, the Court could accept the Settlement under seal for a limited time—for example, two years. That option would reduce the likelihood of copycat litigation while ultimately preserving public access. In the interim, the Court would remain free to permit interested parties to intervene and, if such a party can show a specific public interest in access, reconsider its decision to seal the Settlement. *See Johnson*, 2014 WL 3970115, at *1–3 (permitting the parties to file their settlement under seal initially, but allowing the settlement to be unsealed upon showing of public interest by intervenor).

2. **The Court should approve the settlement because it reasonably and fairly resolves the parties' bona fide dispute.**

As noted, the FLSA generally requires parties to submit a proposed settlement to the court for approval. *See, e.g.*, *Ross,* 2016 WL 7320890, at *2. In deciding whether to approve a settlement, the court must first determine whether there is a bona fide dispute over liability or coverage. *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *1 (E.D. Ky. Oct. 23, 2008). If there is such a dispute, the court must then determine whether the settlement fairly and reasonably resolves that dispute. *See id.*

    2.1    *There is a bona fide dispute over coverage, liability, and amount.*

Here, there is a bona fide dispute over whether Plaintiff is entitled to recover under either state law or the FLSA. Plaintiff asserts that he was misclassified as an independent contractor,

5

allowed to work more than 40 hours per week, and not paid overtime. Compl. ¶ 15. He alleges that he was instead paid $625 per week with no adjustment. *Id.* ¶ 6.

Defendant denies those allegations. It denies that it misclassified Plaintiff as an independent contractor, and it denies that it otherwise failed to pay him any compensation he was due while he was either a contractor or an employee. *See* Answer ¶¶ 6, 13–25. It also asserts 17 affirmative defenses, including the statute of limitations. Answer, ECF 7 at 11–14

Both parties continue to believe their positions have merit. Yet, they recognize the risks inherent in further litigation. They have therefore agreed to settle their disputes in spite of their continuing disagreement over the relevant facts and law. That disagreement constitutes a bona fide dispute. *See, e.g.*, *Ritterbeck*, 2016 WL 6947018, at * (recognizing a bona fide dispute where defendant denied all allegations and disputed the number of hours plaintiff claimed to have worked); *Crawford*, 2008 WL 4724499, at *5 (recognizing a bona fide dispute where, among other things, defendant believed it had a good defense, but recognized the damage and lingering stigma extensive litigation could cause, regardless of the ultimate resolution).

    2.2    *The settlement terms are fair and reasonable in light of the uncertainties of litigation, the procedural posture, and the arm's-length negotiations through counsel.*

Courts determine whether an FLSA settlement is reasonable by examining a number of factors. In a case like this one, with only a single plaintiff, courts consider (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; and (5) the public interest in settlement. *Ritterbeck*, 2016 WL 6947018, at *1.

Here, the factors weigh in favor of approval. First, there is little risk of fraud or collusion. Absent evidence to the contrary, the Court may presume no fraud or collusion exists. *Ross*, 2016

WL 7320890, at *3. There is no such evidence in this case. To the contrary, the parties reached a settlement only after vigorously contesting the merits for more than seven months. Counsel for both Defendant and Plaintiff represent that they reached the proposed Settlement through good-faith, arm's-length negotiations. They have thoroughly reviewed the facts available to them, as well as the relevant legal authorities. Based on that review, they have concluded that the Settlement represents a fair compromise between their clients' respective positions. *See Barr v. Cleveland Metroparks*, No. 1:17-CV-1390, 2018 WL 692025, at *2 (N.D. Ohio Feb. 2, 2018) (approving settlement where it was "the result of arms-length negotiations between parties that were represented by able counsel").

The complexity, expense, and likely duration of the litigation also weigh in favor of approval. If the case were to proceed to trial, the parties would have to litigate a variety of complex legal issues, including Plaintiff's employment status, his coverage under the FLSA's exemptions, and whether Defendant acted in good faith. *See* Answer, ECF 7 at 11–14. They would also have to litigate complex factual issues, including the nature and scope of Plaintiff's job duties, the extent to which he worked more than 40 hours in any given week, and whether he performed work before he clocked in or after he clocked out. *See* Compl. ¶¶ 13–25. Each of these issues are very fact intensive. The parties would therefore have to call multiple fact witnesses to testify about his hours worked, compensation, and general employment. *See Cooper v. Winking Lizard, Inc.*, No. 1:16CV1513, 2017 WL 4465759, at *3 (N.D. Ohio Oct. 4, 2017) (approving pre-certification settlement of FLSA claims in part because of "the factual and legal complexity of the case").

Moreover, it is Defendant's position that the Settlement in fact compensates Plaintiff for more than he could be said to recover, even if any disputed facts are resolved in his favor. Based on the applicable time and payroll records, Plaintiff's alleged back wages would be nominal, at

best. In addition, the Settlement covers his attorney's fees. And regardless, there is no guarantee that he would prevail. *See Cooper*, 2017 WL 4465759, at *3 (approving settlement in part because there was "no guarantee that Plaintiffs would have prevailed").

Even if he did prevail, the trial could result in an appeal. That appeal would further delay Plaintiff's recovery. It might even obviate his recovery entirely. The settlement, by contrast, gives Plaintiff and Defendant certainty now. *See id.* (approving settlement in part because "'the certainty and finality that comes with settlement also weighs in favor of' approving a fair and reasonable settlement." (quoting *Dillworth v. Case Farms Processing*, No. 5:08-cv-1694, 2010 WL 776933, at *6 (N.D. Ohio 2010))).

Moreover, unlike a certified collective action, in which no single plaintiff can be said to control the litigation, this case has only a single plaintiff. *Cf. Crawford*, 2008 WL 4724499, at *3 (explaining that judges must scrutinize collective-action settlements more closely because individual plaintiffs typically lack the "motivation, knowledge, and resources to protect [their] own interests"). Both parties are therefore in a position to consult directly with counsel; and counsel for both parties represent that, based on those consultations, the settlement is fair and reasonable. *See Ross*, 2016 WL 7320890, at *2 (crediting plaintiffs' counsel's representations, which were based on conversations with the plaintiffs themselves).

Finally, the likelihood of success favors approval. This case is still at a relatively early stage—the parties have not yet engaged in full discovery. It is therefore difficult to predict which claims or defenses will prevail. That uncertainty, however, counsels in favor of settlement now. Settlement provides the parties with certainty in the short term. And in light of the other factors favoring settlement, it is appropriate for the Court to approve this Settlement even if it cannot predict which party would prevail at trial. *See Barr*, 2018 WL 692025, at *2 ("While the Court is

8

not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement."). That is particularly true here, where the Settlement provides Plaintiff for more than the time and payroll records suggest he could be owed even if his allegations are accepted as true.

      2.3    *The settlement reasonably compensates Plaintiff's counsel in light of his work hours, expenses, and expertise*.

In an action under FLSA section 16(b), the award of attorney's fees is mandatory. *Ross*, 2016 WL 7320890, at *5. The amount of those fees, however, is within the Court's discretion. *Id.* The Court must ensure that the fee is reasonable. *Id.* A reasonable fee is one that can attract competent counsel but does not produce windfalls. *Id.*

Here, the Settlement provides Plaintiff's counsel with reasonable attorney's fees. To date, counsel's accrued attorneys' fees and litigation expenses exceed that amount provided for in the Settlement. Counsel has agreed to limit his recovery to the amount stipulated in the Settlement. And while that amount exceeds the amount ultimately recovered by Plaintiff, the amount is nevertheless reasonable because Plaintiff's recovery also "vindicates congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994) (observing that when evaluating an award of attorney's fees under the FLSA, courts should not place "undue emphasis on the amount of the plaintiff's recovery").

## CONCLUSION

The proposed Settlement reasonably and fairly resolves the parties' dispute over Plaintiff's entitlement to allegedly unpaid overtime wages. It compensates Plaintiff and Plaintiff's counsel while recognizing both parties' interest in privacy and certainty. For that reason, the Court should approve the Settlement and permit the parties to file it under seal.

Dated March 16, 2018

/s/ David W. Garrison
David W. Garrison
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Phone:  615-244-2202
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

J. Chris Sanders
Chris Sanders Law PLLC
517 West Ormsby Avenue
Louisville, KY 40203
Phone:  502-814-0094
csanders@chrissanderslaw.com

*Counsel for Plaintiff*


/s/ William A. Blue, Jr.
William A. Blue, Jr., KY BPR No. 92396
wblue@constangy.com
Mary Dohner Smith, TN BPR No. 021451 (*pro hac vice* motion to follow)
mdohner@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
401 Commerce Street, Ste. 1010
Nashville, TN 37219
615.320.5200
615.321.5891 (facsimile)

*Counsel for Defendant*

5107292v.2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT AND FILE UNDER SEAL** has been furnished to the below individuals via the Court's electronic filing system and U.S. Mail on March 16, 2018.

>David W. Garrison
>Barrett Johnston Martin & Garrison, LLC
>Bank of America Plaza
>414 Union Street, Suite 900
>Nashville, TN 37219
>Phone: 615-244-2202
>dgarrison@barrettjohnston.com
>jfrank@barrettjohnston.com
>
>J. Chris Sanders
>Chris Sanders Law PLLC
>517 West Ormsby Avenue
>Louisville, KY 40203
>Phone: 502-814-0094
>csanders@chrissanderslaw.com
>
>*Counsel for Plaintiff*

>/s/ William A. Blue, Jr.
>William A. Blue, Jr., KY BPR No. 92396
>wblue@constangy.com
>CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
>401 Commerce Street, Ste. 1010
>Nashville, TN 37219
>615.320.5200
>615.321.5891
>
>Counsel for Defendant

5107292v.2